IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KENNETH E. MASON, JR. and KIMBERLY G. MASON | § § § |
| Plaintiffs, | § § |
| VS. | § Case No. 4:12cv400 § |
| BANK OF AMERICA, NATIONAL ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.; STEWART TITLE COMPANY; and STEWART TITLE GUARANTY COMPANY | § § § § § § § § |
| Defendants. | § |

## **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

On October 26, 2012, *Pro se* Plaintiffs filed their Motion to Remand (Dkt. 30). As set forth below, the motion should be DENIED.

Plaintiffs originally filed their Complaint and Request for Temporary Restraining Order and Application for Permanent Injunction against Defendants Bank of America, National Association, Mortgage Electronic Registration Systems, Inc., MERS Corp., Inc., and Stewart Title Company on June 1, 2012 in the District Court of Denton County, Texas. *See* Dkt. 4. Plaintiffs' original state court complaint asserted the following causes of action: (1) violations of Section 12.002 of the Texas Civil Practices and Remedies Code; (2) unjust enrichment; (3) negligent misrepresentation; and (4)

1

fraudulent misrepresentation for which Plaintiffs seek an award of damages and exemplary damages. Plaintiffs also requested the entry of declaratory judgment that "the Deed of Trust and provisions therein relating to enforcement of the Note through foreclosure" regarding their property located at 1110 Cogburn, Shady Shores, Texas, 76208 are null and void, declaratory judgment that Defendants' claimed interest in the Property is unenforceable, and injunctive relief to restrain any foreclosure on the Property.

On June 28, 2012, Plaintiffs' filed their First Amended Complaint, Application for Temporary Restraining Order and Jury Demand in the state court action, asserting the same causes of action but adding claims for (5) slander of title/petition to quiet title; (6) violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692; (7) violations of RESPA, 12 U.S.C. § 2601; and (8) negligent supervision and adding Stewart Title Guarantee Company as a defendant. *See* Dkt. 5-3.

Defendants Bank of America, N.A. ("BANA"), Mortgage Electronic Registration Systems, Inc. ("MERS") and MERSCORP, Inc. ("MERSCORP") removed the case to this Court on July 2, 2012. Defendants' Notice of Removal claims that the Court has diversity jurisdiction over Plaintiffs' claims. *See* Dkt. 1. Almost three months after removal, Plaintiffs filed a motion to remand, arguing that the Court has no subject matter jurisdiction over their claims.

### STANDARD

Generally, motions to remand based on any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of a notice of removal. 28 U.S.C. § 1447. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter

2

jurisdiction, the case shall be remanded." *Id.* Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). The removing party has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

## ANALYSIS

Defendants removed this case based on diversity jurisdiction. Suits are removed on the basis of diversity jurisdiction when: (1) the suit involves a controversy between citizens of different states *and* (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. It is Defendants' burden here to show that this Court has diversity jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).

Defendants' notice of removal states that Bank of America is a citizen of the State of North Carolina, that MERS and MERSCORP are citizens of Delaware and Virginia, and that Defendant Stewart Title Company is a nominal party whose Texas citizenship should be disregarded. *See* Dkt. 1 at 2-3. And it appears undisputed based on the allegations here that Plaintiffs are citizens of Texas. That this case involves a controversy between citizens of different states for purposes of removal does not appear to be disputed.

3

The Court thus turns its focus to the amount in controversy. In addition to injunctive and declaratory relief as to the parties' interests in the Property, Plaintiff's state court complaint seeks damages and exemplary damages in an unspecified amount. When a petition does not allege a specific amount of damages, a removing defendant can satisfy its burden by showing – by a preponderance of the evidence – that it is facially apparent from the plaintiff's complaint that the claims are likely above jurisdictional amount, or, if the value of claim is not apparent, by setting forth facts, either in the removal petition or by affidavit, that support a finding of requisite amount. *Garcia*, 351 F.3d at 639-40; *see also Corley v. Southwestern Bell Tel. Co.*, 924 F. Supp. 782, 786 (E.D. Tex. 1996) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163, n.6 (5th Cir. 1992) (noting that a federal district court may make an independent appraisal of the amount in controversy)).

Here, Defendants have argued that the subject Property had an appraised value of $475,710.00 according to the Denton Central Appraisal District, *see* Dkt. 32 at 6, and that such Property is the object of the litigation that determines the amount in controversy. The Court agrees. *See, e.g., Martinez v. BAC Home Loans Servs., LP*, 777 F. Supp.2d 1039, 1047-1048 (W.D. Tex. 2010) ("regardless of whether the property at issue has been sold in foreclosure or is still held by the lender, the value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property").

In this case, not only have Plaintiffs asserted four causes of action, seeking the recovery of damages and exemplary damages, they request injunctive and declaratory relief as to the Property. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). As the Fifth Circuit has noted, when "a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Nationstar Mortgage, LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) (internal citation omitted) (finding that, although party sought below jurisdictional limit in monetary damages, the amount in controversy exceeded $75,000 where party also sought rescission and cancellation of the deed of trust and cancellation or removal of the clouds on title regarding property with a mortgage that exceeded $107,000). Having considered the value of Plaintiffs' Property (which Plaintiffs have not disputed) – in conjunction with Plaintiffs' demand for actual and exemplary damages – the Court finds that Defendants have shown by a preponderance of the evidence that the amount in controversy here exceeds $75,000.

In their motion to remand, Plaintiffs argue that his state court action should be construed as a counterclaim brought by them to stop any foreclosure action by Defendants. As the Court has noted in another case filed by Plaintiff Kenneth Mason, the Court is not convinced by this argument. Plaintiffs initiated their claims in the state court and those claims were subject to removal, even if their complaint was a reaction to non-judicial foreclosure proceedings by Defendants. The removal statute is clear that "*any civil action brought in a State court* of which this district courts of the United States have original jurisdiction, may be removed...." 28 U.S.C. § 1441(a). Defendants have

shown how this Court had original jurisdiction over Plaintiffs' civil state court action, and there is no authority to support Plaintiffs' argument. This Court should not remand the suit on that basis.

The also notes that the live state court pleading at the time of removal – Plaintiffs' First Amended Complaint, Application for Temporary Restraining Order and Jury Demand – also asserts claims arising under federal law. Plaintiffs claim that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601. *See* Dkt. 5-3. Such would also give rise to federal question jurisdiction, because whether there is removal jurisdiction is determined by the "claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The Court notes, however, that Defendants referred to the original (not amended) state court complaint in their initial notice of removal and only later supplemented the record with the amended complaint. Such may be a procedural defect in removal. However, because Plaintiffs' motion to remand was filed more than 30 days after removal, any remand based on a potential defect in the removal paperwork was waived. 28 U.S.C. § 1447(c); *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995). Nonetheless, under either complaint, there were grounds to remove based on the grounds asserted and Defendants have shown their assertion of diversity jurisdiction by a preponderance of the evidence.

## RECOMMENDATION

Plaintiffs' Motion to Remand (Dkt. 30) should be DENIED, and the Court will proceed with evaluating the merits of Defendants' motions to dismiss. Within fourteen (14) days after service

of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge that the motion to remand be denied. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 14th day of February, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE